HORACE M. JACKSON v. CHARLES. R. KING *et al.*
**No. 11,669.\*** (62 Pac. 655.)

1. JUDGMENTS—*Priority of Liens.* Section 476 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4729), does not apply to judgments for the enforcement of mortgage liens so as to give subsequent general judgment creditors prior liens upon the mortgaged property, if orders of sale be not issued in such foreclosure proceedings within one year after the rendition of the forclosure judgment.

2. JUDICIAL SALE—*Rights of Purchaser.* A purchaser of real estate at mortgage foreclosure sale does not acquire, by his mere purchase of the property, any right to the rents and profits growing out of it prior to the sale.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MCELROY, judges. Opinion filed November 10, 1900. Reversed.

*Jackson & Jackson,* for plaintiff in error.

*B. F. Hudson,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : The controversy in this case is over the right to certain funds, the rent of real estate, collected by a receiver. Both the district court and the court of appeals held against the claim of right to the rent made by the plaintiff in error. The last-named court based its judgment upon propositions of law which, for the sake of convenience to us in our consideration of the case, will be stated in their inverse order. The court ruled :

"Section 476, chapter 95, General Statutes of 1897, does not apply to mortgage liens after foreclosure, so

---

*For opinion of the court of appeals, see 9 Kan. App. 160, 58 Pac. 1013.—REP.

as to give other judgment creditors prior liens upon the mortgaged property, if order of sale be not issued under said foreclosure proceedings within one year after the rendition of the judgment therein."

The law as thus declared by the court of appeals is well sustained by its opinion in the case. So far as its judgment is based upon the proposition announced, its meets with our approval and is affirmed. Upon another point it ruled:

"A party upon whose application a receiver is appointed has no greater interest in the proceeds of such receivership than he would have had if the receiver had been appointed upon the application of any one of the other litigants in the action.

"A receiver is the hand of the court of which he is an officer; his appointment determines no rights, does not affect the title of the property in any way, and his holding is the holding of the court."

These last-quoted rulings of the court are doubtless correct as abstract propositions of law, but they were inapplicable to the facts of the case. A material fact, seemingly overlooked, was that the person to whom the fund in the receiver's hands had been awarded was not a litigant in the case—was not a party to the action in a sense which entitled him to a claim on the fund in the receiver's hands.

The facts were that Charles R. King, one of the defendants in error, was a mortgagee of real estate. He recovered a money judgment upon the mortgage debt and an order of sale of the mortgaged premises. H. M. Jackson, the plaintiff in error, was a judgment creditor of the mortgage debtor. His judgment was a lien upon the mortgaged premises second after the mortgage judgment. King, the mortgage creditor, delayed the issuance of an order of sale upon his mortgage judgment for four years. During this period of

delay, Jackson, the second lien-holder, procured the appointment of a receiver to take possession of the real estate upon which the several liens rested and collect and disburse the rents arising from it, and he also purchased the property at an execution sale made upon his judgment. King finally caused the issuance of process upon his mortgage judgment and a sale of the mortgaged property. At the sale the Merchants' Savings Bank became the purchaser. After this sale a controversy arose as to the distribution of the rent money in the hands of the receiver which had been collected by him prior to the mortgage sale. King, the mortgage creditor, disclaimed all right to the rent money. The Merchants' Savings Bank claimed it by virtue of its purchase at the mortgage sale of the real estate from which the rent was collected. The district court and the court of appeals sustained its claim and error has been accordingly prosecuted.

The record contains nothing upon which the claim of the Merchants' Savings Bank can be based other than its mere purchase at the mortgage sale. There was no assignment of the rent money made to it by any one. There is nothing in the record to show that the rents and profits of the real estate inured in any way or under any conditions to the mortgagee so as to pass from him to the purchaser at the mortgage sale. The general rule is fairly stated as follows :

"A mortgagee has no specific lien upon the rents and profits of the mortgaged land unless he has in the mortgage stipulated for a specific pledge of them as part of his security. He has no claim upon them until he has the right to take possession of the premises under his mortgage." (Jones, Mort. § 772.)

"The rents accruing between the day of sale and the delivery of the deed belong to the owner of the

equity of redemption, and not to the purchaser, as they go with the possession or right of possession." (Id. § 1659.)

If, as Jones says, rents accruing between sale and deed do not pass to the purchaser, *a fortiori* those accruing before sale do not pass.

The Merchants' Savings Bank was a stranger to the real estate and to all the litigation concerning it until its purchase, and it acquired by its purchase nothing but the property sold. It could get nothing from the mortgagee except what passed from him to it either by assignment in fact or by operation of law, and, as stated, the record fails to show that anything passed to it from the mortgagee either in fact or law. It could get nothing from the owner of the property except the legal title to it and the right of possession. Accrued rents do not pass, as stated by Jones, at mortgage foreclosure sale as appurtenant to the land.

The judgments of the court of appeals and of the district court are reversed, for further proceedings in the last-named court in accordance with this opinion.